**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| VERISIGN, INC., | ) |
|     Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:15-cv-01028-LO-IDD |
| CENTRALNIC LIMITED, | ) ) |
| XYZ.COM LLC, | ) ) |
| and- | ) ) |
| DANIEL NEGARI, | ) ) |
|     Defendants. | ) |

**DEFENDANTS XYZ.COM LLC AND DANIEL NEGARI'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

## I. INTRODUCTION

Count 3 of Plaintiff Verisign, Inc.'s ("Plaintiff" or "Verisign") First Amended Complaint ("FAC") alleges a claim for Business Conspiracy under Virginia Code §§ 18.2-499 and 18.2-500 against Defendants XYZ.com, LLC ("XYZ") and Daniel Negari ("Negari") (collectively, "Defendants"), in addition to CentralNic Limited ("CentralNic"). This claim is subject to a Motion to Dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) because it fails to state sufficient facts to allege a claim for Business Conspiracy, fails to meet Rule 9(b)'s heighted pleading standard, and fails to allege any facts to support its allegations of malice. Further, if CentralNic is dismissed from the action for lack of personal jurisdiction (pursuant to a separate motion to dismiss filed by CentralNic), then the Business Conspiracy claim fails as a matter of law because Negari, a principal of XYZ, cannot conspire with his company, XYZ, under the intracorporate immunity doctrine.

For these reasons, the Court should dismiss the Business Conspiracy claim in the FAC as to Defendants.

## II. FACTUAL BACKGROUND

Verisign alleges that on April 12, 2012, it entered a (i) Master Services Agreement and (ii) New gTLD Services Order (the "KBE contracts") with the Key Brand Entertainment, Inc. and KBE GTLD Holding, Inc. (collectively, "KBE"), by which KBE purchased Verisign's New gTLD Services for the gTLD <.theatre> (the "KBE gTLD"). ICANN approved the application on June 2014. On or about June 13, 2012, KBE applied to ICANN to be the registry service provider for the KBE gTLD, and designated Verisign as the exclusive backend registry services provider, including Verisign's specifications and responses regarding technical and operational capability for the KBE gTLD. (FAC, ¶¶22-23.)

Verisign alleges that XYZ entered into a purchase agreement with KBE whereby it purchased the KBE gTLD, and that XYZ and Negari demanded, as conditions to XYZ's agreement to purchase the KBE gTLD application, that KBE breach the KBE Agreements. (FAC, ¶44.) On or about October 10, 2014, KBE submitted a "change request" to ICANN, designating CentralNic as the backend registry services provider in lieu of Verisign, and changing the application to reflect CentralNic's specifications and responses regarding technical and operational capability for the KBE gTLD. (FAC, ¶¶25-27.)

On or about August 9, 2011, Verisign entered a Master Services Agreement with Symantec Corporation ("Symantec"), which was amended on April 2, 2012 – the same date that Verisign also entered into a New gTLD Services Order with Symantec (collectively, the "Symantec contracts"). (FAC, ¶¶29-30.) By these agreements, Symantec purchased Verisign's New gTLD Services for the gTLDs <.protection> and <.security> (collectively, the "Symantec gTLDs"). (FAC, ¶31.) On June 13, 2012, Symantec applied to ICANN to be the registry operator for the Symantec gTLDs designating Verisign as the exclusive backend registry services provider, including Verisign's specifications and responses regarding technical and operational capability for the Symantec gTLDs. (FAC, ¶¶35-36.)

Verisign alleges that XYZ entered into a purchase agreement with Symantec whereby it purchased the Symantec gTLDs, and that XYZ and Negari demanded, as conditions to XYZ's

agreement to purchase the Symantec gTLD applications, that Symantec wrongfully terminate and breach the Symantec contracts. (FAC, ¶45.) Verisign alleges that, in or around September 2014, Symantec sought to terminate the Symantec contracts without any permissible basis. (FAC, ¶37.) After terminating the Symantec contracts, on or about February 9, 2015, Symantec submitted a "change request" to ICANN, designating CentralNic as the backend registry services provider in lieu of Verisign, and changing the application to reflect CentralNic's specifications and responses regarding technical and operational capability for the Symantec gTLDs. (FAC, ¶¶38-40.)

Based on these allegations, Verisign alleges that CentralNic, XYZ and Negari intentionally, knowingly and willfully caused and induced KBE and Symantec to breach their respective contracts by replacing Verisign with CentralNic as the backend registry services provider for the KBE and Symantec gTLD applications. (FAC, ¶¶51, 56.) Verisign further alleges that XYZ, at the insistence of Negari, then entered into agreements with CentralNic to provide backend registry services for the KBE and Symantec gTLDs, and to remove Verisign as the provider. (FAC, ¶¶46-47.)

### III. LEGAL STANDARD

"[I]n evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). "But . . . legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes," and a court should "also decline to consider unwarranted inferences, unreasonable conclusions, or arguments." *Id*. (internal quotations omitted). "Ultimately, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and "[f]acial plausibility is established" only if "[the] complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 255-26 (internal quotations omitted). In short, "[t]he complaint must . . . plead sufficient

3

facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct," for "[w]ithout such heft, . . ., the plaintiff's claims cannot establish a valid entitlement to relief." *Id*. at 256 (internal citation and quotations omitted).

## IV. VERISIGN HAS NOT STATED A CLAIM AGAINST DEFENDANTS FOR BUSINESS CONPIRACY

Count 3 of the FAC is for Business Conspiracy pursuant to Virginia Code sections 18.2-499 and 18.2-500 against Defendants. This claim is subject to a motion to dismiss because it fails to allege any facts to support its state a claim for Business Conspiracy under Virginia law, fails to meet Rule 9(b)'s heightened pleading standard, and fails to allege any facts to support its allegations of malice. Further, should the Court grant CentralNic's separate motion to dismiss for lack of personal jurisdiction, the Court should also dismiss the Business Conspiracy claim as to Defendants with prejudice as Defendants cannot conspire with one another as a matter of law.

### A. Count 3 of VeriSign's FAC Fails to State Sufficient Facts to State a Claim

To prevail on a statutory claim for business conspiracy in Virginia, a plaintiff must allege "concerted action, legal malice, and causally related injury . . . set[ting] forth core facts to support the claim." *Kayes v. Keyser*, 72 Va. Cir. 549, 552 (City of Charlottesville 2007) (quoting *Atlantic Futon v. Tempur-Pedic, Inc.*, 67 Va. Cir. 269, 271 (City of Charlottesville 2005); *see also M-Cam v. D'Agostino*, Civil Action No. 3:05cv6, 2005 U.S. Dist. LEXIS 45289, at **7-8 (W.D. Va. Sept. 1, 2005). Ordinarily, a complaint should contain factual details of the time and place and the alleged effect of the conspiracy in order to withstand a demurrer or motion to dismiss. *Kayes*, 72 Va. Cir. at 552; *Firestone v. Wiley*, 485 F. Supp. 2d 694, 703 (E.D. Va. 2007); *Harper Hardware Co. v. Power Fasteners, Inc.*, Civil Action No. 3:05cv799, 2006 U.S. Dist. LEXIS 3821 (E.D. Va. Jan. 19, 2006) (finding plaintiff's conclusory allegations that did not detail the facts relating to the "method of the alleged conspiracy or how it was carried out" to be insufficient).

Moreover, from the federal court's perspective, a statutory business conspiracy requires a heightened pleading under Rule 9(b) to prevent "every business dispute over unfair competition

4

[from] becoming a business conspiracy claim.'" *Government Employees Ins. Co. v. Google, Inc.*, 330 F. Supp. 2d 700, 706 (E.D. Va. 2004) ("Business conspiracy, like fraud, must be pleaded with particularity, and with more than mere conclusory language. The heightened pleading standard prevents every business dispute over unfair competition becoming a business conspiracy claim."); *Scharpenberg v. Carrington*, 686 F. Supp. 2d 655, 662 (E.D. Va. 2010) (noting heightened pleading requirement under Rule 9(b).)

A plaintiff must prove that the defendants "combined together to effect a preconceived plan and unity of design and purposes." (*Bay Tobacco,* 261 F. Supp. 2d at 499.) "Conspiracy is not established simply by lumping 'the defendants' altogether" because the heart of conspiracy "is an agreement and a conscious decision by each defendant to join it." *SD3, LLC v. Black & Decker U.S., Inc.*, 2014 U.S. Dist. LEXIS 96256, at *8 (E.D. Va. 2014). To survive a motion to dismiss, then, a plaintiff "must at least plead the requisite concert of action and unity of purpose," and must do it "in more than mere conclusory language." *Bay Tobacco, LLC*, 251 F. Supp. 2d at 499.

Verisign cannot meet this burden. Its claim for business conspiracy against Defendants depends on wholly conclusory allegations, the sum total of which are embodied in paragraph 59 of the FAC:

> XYZ, Negari and CentralNic combined, associated, agreed, mutually undertook and concerted together for the purpose of willfully and maliciously injuring Verisign in its business, by seeking to circumvent Key Brands', KBE Holdings' and Symantec's contractual requirements; by undermining Verisign's contractual right to the exclusive provider of backend registry services for the KBE gTLD and the Symantec gTLDs; and by breaching and inducing breaches of the KBE MSA, KBE Service Order, Symantec MSA, and Symantec Service Order.

(FAC, ¶59.) Such conclusory allegations, bereft of any core facts detailing the time, place and method of the conspiracy and how it was carried out, are insufficient to survive a motion to dismiss as a matter of law. Again, "it is not enough for [a] plaintiff merely to track the language

5

of the conspiracy statute without alleging the fact that the alleged co- conspirators did, in fact, agree to do something the statute forbids." *Kayes*, 72 Va. Cir. at 552.

Likewise, the FAC is bereft of any facts to support Verisign's allegation of "legal malice" against Defendants. "Legal malice" requires proof "that the defendant acted intentionally, purposefully, and without lawful justification" to injure the plaintiff. *Simmons v. Miller*, 261 Va. 561, 544 S.E. 2d 666, 677 (2001). While a plaintiff need not prove that the defendant's primary and overriding purpose was to injure the plaintiff's reputation, trade or business, the plaintiff must allege facts showing that such a purpose was at least one of the purposes of the conspiracy. *Commercial Business Systems, Inc. v. Bellsouth Services, Inc.*, 249 Va. 39, 453 S.E.2d 261, 267 (1995); *Simmons*, 544 S.E.2d at 676-77; *see also Corinthian Mort. Corp. v. Choicepoint Precision Mkt, LLC*, Civil Action No. 1:07cv832, 2008 U.S. Dist. LEXIS 28129, at **18-19 (E.D. Va. April 4, 2008) (requiring a plaintiff asserting a statutory business conspiracy claim to allege that defendant intentionally and purposefully injured plaintiff's business).

The FAC falls far short of Rule 9(b)'s heightened pleading standard for business conspiracy claims, and indeed, Verisign has failed to allege any facts showing a conspiracy between Defendants and CentralNic, much less that Defendants acted with legal malice in regard to Verisign. Accordingly, Verisign cannot state a claim for business conspiracy against Defendants as a matter of law

**B.     Negari and XYZ Cannot Conspire with One Another as a Matter of Law**

CentralNic has filed a separate Motion to Dismiss the FAC pursuant to Rule 12(b)(2) for lack of personal jurisdiction. (*See* Dkt No. 2.) If the Court grants that motion, Negari and XYZ will be the only remaining defendants in the action, and the Business Conspiracy claim will be asserted only as to them. In that event, the Court must dismiss the claim with prejudice as a principal and its company cannot conspire with one another a matter of law.

"It is well-settled that a corporation cannot conspire with its wholly-owned subsidiary or with its officers and directors." *Williams v. 5300 Columbia Pike Corp.*, 891 F. Supp. 1169, 1174 (E.D. Va. 1995); *see also SecureInfo Corp. v. Telos Corp.*, 387 F. Supp. 2d 593, 617 (E.D. Va.

2005) (granting defendant's demurrer on business conspiracy count because "an agent may not conspire with its principal under the intracorporate immunity doctrine"). The "two or more persons" requirement for Business Conspiracy is **not** satisfied by proof that a principal conspired with one of its agents that acted within the scope of his agency. See *Williams,* 891 F. Supp. 1169 at 1174. Under such a circumstance, a conspiracy is a "legal impossibility" because a principal and an agent are not separate persons for purposes of the conspiracy statute, a rule commonly referred to as the "intracorporate immunity doctrine." *Id*.

The FAC alleges that XYZ is a limited liability company that is owned and/or controlled by Negari. (*See* FAC, ¶¶3-4.) The FAC further alleges that XYZ and Negari conspired with one another to cause harm to Verisign. Because a principal cannot conspire with his or her company, the Business Conspiracy claim must also fail as a matter of law with respect to Defendants.

Accordingly, if the Court dismisses CentralNic from the action due to lack of personal jurisdiction, it should also dismiss the Business Conspiracy claim as to Defendants with prejudice as a matter of law.

## V. CONCLUSION

For these reasons, the Court should grant Defendants' Motion to Dismiss as to Count 3 of the FAC with prejudice.

Respectfully submitted,

/s/ Joanna L. Faust
Joanna L. Faust, VSB No. 72930
CAMERON MCEVOY, PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
(703) 460-9349 (Direct)
(703) 273-8898 (Main)
(703) 273-8897 (Facsimile)
ecameron@cameronmcevoy.com
jfaust@cameronmcevoy.com
*Counsel for Defendants CentralNic Limited,
XYZ.COM LLC and Daniel Negari*

## **CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that on August 20th, 2015, I filed the foregoing using the Court's CM/ECF system, which sent a true and accurate copy to:

Timothy B. Hyland, Esquire
Elizabeth A. Dwyer, Esquire
Hyland Law PLLC
1818 Library Street, Suite 500
Reston, Virginia 20190
*Counsel for Plaintiff*

         /s/ Joanna L. Faust
         Joanna L. Faust, VSB No. 72930
         CAMERON MCEVOY, PLLC
         4100 Monument Corner Drive, Suite 420
         Fairfax, Virginia 22030
         (703) 460-9349 (Direct)
         (703) 273-8898 (Main)
         (703) 273-8897 (Facsimile)
         jfaust@cameronmcevoy.com
         *Counsel for Defendants CentralNic Limited,*
         *XYZ.COM LLC and Daniel Negari*

Cameron McEvoy PLLC
4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898  FAX 703.273.8897