**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| VERISIGN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-cv-1028-LO-IDD |
| | ) | |
| CENTRALNIC LIMITED, | ) | |
| | ) | |
| XYZ.COM LLC, | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| DANIEL NEGARI, | ) | |
| | ) | |
| Defendants. | ) | |

**NON-CONFIDENTIAL**
**MEMORANDUM IN SUPPORT OF MOTION TO SEAL**

The plaintiff, VeriSign, Inc. ("Verisign"), has filed a Motion to Seal several agreements pertinent to this case.

I.   INTRODUCTION

This is an action arising from several contracts between Verisign and Key Brand Entertainment, Inc. and KBE GTLD Holding, Inc. (together, "KBE"), and Verisign and Symantec Corporation ("Symantec"), and the defendants' interference with those contracts. On April 12, 2012, Verisign and KBE entered into a "Verisign Master Services Agreement" ("KBE MSA"). Section 5 of the KBE MSA provides in pertinent part that the terms of the contract shall be kept confidential and that the

terms of the contract may not be disclosed to any third party. A copy of this contract is attached hereto and marked as *Exhibit 1*.

On April 12, 2012, Verisign and KBE entered into a "Verisign New gTLD Services SO" Service Order (the "KBE Service Order"). The KBE Service Order provides in pertinent part that the terms of the contract shall be governed by the terms and conditions of the KBE MSA, which in turn provides that the terms be kept confidential and that the terms of the contract may not be disclosed to any third party. A copy of this contract is attached hereto and marked as *Exhibit 2*.

On August 9, 2011, Verisign and Symantec entered into a "Verisign Master Services Agreement" ("Original Symantec MSA"). Section 5 of the Original Symantec MSA provides in pertinent part that the terms of the contract shall be kept confidential and that the terms of the contract may not be disclosed to any third party. A copy of this contract is attached hereto and marked as *Exhibit 3*.

The Original Symantec MSA was amended by "Amendment to Verisign Master Services Agreement" (the "Amendment"). The Amendment provides in pertinent part that the terms of the contract shall be governed by the Original Symantec MSA, which provides that the terms be kept confidential and may not be disclosed to any third party. A copy of this contract is attached hereto and marked as *Exhibit 4*.

Effective as of April 2, 2012, Symantec also entered into a "Verisign New gTLD Services SO" Service Order (the "Symantec Service Order") with Verisign. The Symantec Service Order provides in pertinent part that the terms of the contract

shall be governed by the Original Symantec MSA, which provides that the terms be kept confidential and may not be disclosed to any third party. A copy of this contract is attached hereto and marked as *Exhibit 5.*

Verisign is requesting that the Court seal the above-referenced agreements.

## II.   STANDARD OF REVIEW

While there is a presumption in favor of public access to judicial records, a district court has the authority to seal court documents "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "The common law presumes a right to inspect and copy judicial records and documents." *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978)).   However, "[t]his presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access, and the party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Va. Dep't of State Police*, 386 F.3d at 575 (internal quotations omitted).

When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).   As to the substance, the district court first "must determine the source of the right of access with respect

to each document," because "only then can it accurately weigh the competing interests at stake." *Stone*, 855 F.2d at 181. The court must then weigh the appropriate competing interests under the following procedure: "it must (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 288 (citing *Stone*, 855 F.2d at 181; *In re Knight Publ'g Co.*, 743 F.2d at 235).

As set forth below, applying this standard, Verisign's motion to seal should be granted.

## III.   ARGUMENT

Verisign, as a registry operator, entered into multiple contracts with applicants for certain the new gTLDs. This case involves several of those contracts, between Verisign and KBE, and between Verisign and Symantec. The underlying contracts are those by which Verisign agreed to provide, and KBE and Symantec agreed to use and pay for, certain back-end registry services for new gTLDs.

Because Verisign negotiates different terms and conditions with various customers, its contracts for services such as those which form the basis for this action (including the contracts at issue here) provide that neither party shall reveal any "Confidential Information" of the other. "Confidential Information," in turn, includes the terms of the contract. There is an exception allowing the parties to reveal the

terms of the contract to their respective legal and business advisors, provided they agree to maintain the confidentiality of the contract on terms no less restrictive than those set forth in the contract.

Maintaining the confidentiality of the terms of the contracts, and the restrictions contained in the contracts, reflects the parties' concern that public dissemination of the terms of the contracts could allow a competitor or potential customer to gain a competitive advantage by using that information in its negotiations with Verisign for a similar agreement, and by knowing what pricing terms might be acceptable to Verisign.  The information might also cause Verisign harm with other customers who learn, for instance, that they were not offered terms as favorable as those offered to KBE and Symantec, their competitors.

Accordingly, an order permanently sealing the contracts is appropriate.  An alternative procedure, such as redaction, would be impractical because the redacted contracts, whose terms would be entirely redacted, would be so substantially gutted of its contents as to be of little use to the reader. Agreements such as the contracts at issue here are for lengthy terms, so the competitive damage to Verisign from revelation of the content of the contract could last indefinitely.

Pursuant to Local Rule 5(C), Verisign is submitting herewith a Proposed Order.

IV.    CONCLUSION

For the foregoing reasons, Verisign respectfully requests that the Court enter an order permanently sealing (a) the KBE MSA, (b) the KBE Service Order, (c) the Original Symantec MSA, (d) The Amendment, and (e) the Symantec Service Order.

 /s/  Timothy B. Hyland
Timothy B. Hyland
Virginia Bar No. 31163
Counsel for VeriSign, Inc.
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA  20190
Tel.:   (703) 956-3566
Fax:   (703) 935-0349
Email:  thyland@hylandpllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of September, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Edward W. Cameron, Esquire
>Joanna L. Faust, Esquire
>Matthew H. Sorenson, Esquire
>CAMERON/MCEVOY, PLLC
>4100 Monument Corner Drive, Suite 420
>Fairfax, Virginia  22030

>/s/ Timothy B. Hyland
>Timothy B. Hyland
>Virginia Bar No. 31163
>Counsel for VeriSign, Inc.
>HYLAND LAW PLLC
>1818 Library Street, Suite 500
>Reston, VA  20190
>Tel.:   (703) 956-3566
>Fax:   (703) 935-0349
>Email:  thyland@hylandpllc.com

**EXHIBITS OMITTED FROM
NONCONFIDENTIAL VERSION**