**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| VERISIGN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-cv-1028-LO-IDD |
| | ) | |
| CENTRALNIC LIMITED, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

### I.     INTRODUCTION

The defendants' Notice of Removal to this Court does not state a basis for subject matter jurisdiction in this Court. The factual allegations in the Notice of Removal do not establish the existence of diversity jurisdiction, rendering the Notice of Removal fatally defective. Thus, this case must be remanded to the state court from which it was removed.

### II.     FACTS ALLEGED BY THE DEFENDANTS

In paragraph 6 of their Notice of Removal (Dkt. 1), the defendants allege the following:

A.     The plaintiff, VeriSign, Inc. ("Verisign"), is a Delaware corporation with its principal place of business in Virginia.

B.     Defendant CentralNic Ltd. ("CentralNic") is a United Kingdon corporation with its principal place of business in England.

C.     Defendant XYZ.com LLC ("XYZ") is a Nevada limited liability company with its principal place of business in Nevada.

D.     Defendant Daniel Negari ("Negari") "is a California resident." Therefore, the defendants conclude, there exists complete diversity of jurisdiction. However, as demonstrated below, these allegations most assuredly <u>do not</u> establish the existence of diversity jurisdiction. Therefore, the Notice of Removal is grossly defective, and this case should be remanded.

III.   ARGUMENT

A.     **A Notice of Removal must contain factual allegations setting forth the basis for federal jurisdiction.**

"Federal courts are courts of limited jurisdiction ... [and] possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Federal district courts have original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331, where the amount in controversy exceeds $75,000.00, and the matter is between citizens of different states pursuant to 28 U.S.C. § 1332. Federal diversity jurisdiction only exists under § 1332 where there is complete diversity, that is, "when no party shares common citizenship with any party on the other side." *Mayes v. Rapport,* 198 F.3d 457, 461 (4th Cir.1999) (internal citations omitted).

A defendant may remove a case from state to federal court if the federal court has original jurisdiction over the matter, but if a case is removable based solely on diversity jurisdiction, the case may not be removed if any of the defendants is a citizen of the state where the action was brought. 28 U.S.C. §§ 1441(a), (b). The party seeking removal has the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal of a case from state court implicates "significant federalism concerns," removal jurisdiction must be strictly construed, and "if federal jurisdiction is doubtful, a remand is necessary." *Id.* at 151. If at any time before final judgment it appears the district court lacks jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c). "[R]emoval jurisdiction raises significant federalism concerns." *Id*.

To remove to federal court, the defendant must file "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant ... in such action." 28 U.S.C. § 1446(a). Additionally, "when diversity of citizenship is a basis of removal jurisdiction, it must exist both at the time the original action is filed in the state court and at the time the removal is sought." *Hubbard v. Tripp,* 611 F. Supp. 895, 896 (E.D. Va. 1985) (quoting 14A Charles Alan Wright et al., *Federal Practice and Procedure, Jurisdiction* 2d § 3723 (1985)) (internal quotation marks omitted). "[T]he notice must make the basis for the federal court's exercise of removal jurisdiction clear and contain enough information so that the district judge can

determine whether removal jurisdiction exists. 14C Charles A. Wright, Arthur R. Miller & Edward C. Cooper, *Federal Practice & Procedure, Jurisdiction* § 3733 (3d ed.1998)). As detailed below, the Notice of Removal filed here is grossly deficient in this regard. Therefore, remand to the state court is required.

> B.   **The defendants do not state facts establishing that XYZ is diverse to Verisign.**

The sole factual allegation in the Notice of Removal relating in any way to XYZ's citizenship is the statement that "XYZ is a Nevada limited liability company with its principal place of business in Nevada." However, it is axiomatic that the citizenship of a limited liability company, for purposes of diversity jurisdiction, is determined by the citizenship of all of its members. *See Central W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 121 (4th Cir. 2004); *Black Water Mgt. LLC v. Sprenkle*, 2015 WL 5089367, at *2 (E.D. Va. Aug. 27, 2015).

In their Notice of Removal, the defendants do not identify the members of XYZ. They do not make any allegations that in any way relate to or reveal the citizenship of those members. In short, the Notice of Removal is devoid of any jurisdictional facts whatsoever relating to XYZ. Therefore, the Notice of Removal does not contain the necessary statement as to the basis for this Court to exercise subject matter jurisdiction over the removed case.

C.   **The defendants do not state facts establishing that Negari is diverse to Verisign.**

The sole factual allegation in the Notice of Removal relating in any way to Negari's citizenship is the statement that "Negari is a California resident." However, it is well-established that state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile. *See, e.g., Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State."); *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998) (same). Citizenship "cannot be inferred from allegations of mere residence, standing alone." *Axel Johnson*, 145 F.3d at 663 (citing *Realty Holding Co. v. Donaldson,* 268 U.S. 398, 399 (1925); *Shaw v. Quincy Mining Co.,* 145 U.S. 444, 447 (1892); and others); *see also Johnson v. Advance Amer.*, 549 F.3d 932, 940 (4th Cir. 2008) (Agee, concurring in part and dissenting in part).

In their Notice of Removal, the defendants therefore offer no competent or even relevant allegations as to Negari's citizenship. They address only his residence. A mere allegation in a petition for removal that an individual is a "resident" of a state is defective and "deprives this Court of subject matter jurisdiction over this case." *Hohn v. Volkswagen of Amer., Inc.*, 837 F. Supp. 943, 944 (N.D. Ill. 1993). Therefore,

the Notice of Removal does not contain the necessary statement as to the basis for this Court to exercise subject matter jurisdiction over the removed case.

D. **In any event, the defendants do not state facts establishing the existence of diversity both at the time of filing and at the time of removal.**

"[T]here is a long line of authorities supporting the proposition that when diversity of citizenship is a basis of removal jurisdiction, it must exist both at the time the original action is filed in the state court and at the time removal is sought." *Hubbard v. Tripp*, 611 F. Supp. 895, 896 (E.D. Va. 1985) (quoting 14A Wright, Miller & Cooper, *Federal Practice and Procedure, Jurisdiction* 2d § 3723 (1985)). This is known as the "double designation" requirement. *See Vaughn v. U.S. Bank, N.A.*, 2015 WL 1349953, at *2 (E.D. Va. Mar. 24, 2015). Failure to make the "double designation" in a Notice of Removal is "fatal" to the removal. *Hubbard*, 611 F. Supp. at 896; *accord*, *Outdoor World Corp. v. Calvert*, 618 F. Supp. 446, 447 (E.D. Va. 1985).

Here, the defendants make no allegation at all as to the citizenship of the various parties at the time of removal, which is the second prong of the "double designation." Instead, in their Notice of Removal, the sole allegations of citizenship – setting aside their defects as to XYZ and Negari – relate to the time of filing the First Amended Complaint. *See* Notice of Removal ¶ 6. The failure to even attempt to allege the citizenship of the parties as of the filing of the Notice of Removal is therefore "fatal" to removal of the case, and remand is therefore required. *Hubbard*, 611 F. Supp. at 896.

IV.    CONCLUSION

The defendants' Notice of Removal is grossly deficient. It does not contain sufficient allegations to establish the existence of diversity jurisdiction, and even if it did, those allegations relate solely to the time that the First Amended Complaint was filed, and not to the time at which the Notice of Removal was filed. These failures, both together and separately, require that this case be remanded to the Circuit Court of Fairfax County, Virginia, from which it was removed.

   /s/  Timothy B. Hyland
Timothy B. Hyland
Virginia Bar No. 31163
Counsel for VeriSign, Inc.
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA  20190
Tel.:   (703) 956-3566
Fax:   (703) 935-0349
Email: thyland@hylandpllc.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 10th day of September, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Edward W. Cameron, Esquire
Joanna L. Faust, Esquire
Matthew H. Sorenson, Esquire
CAMERON/MCEVOY, PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, VA  22030

/s/  Timothy B. Hyland
Timothy B. Hyland
Virginia Bar No. 31163
Counsel for VeriSign, Inc.
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA  20190
Tel.:   (703) 956-3566
Fax:   (703) 935-0349
Email:  thyland@hylandpllc.com