Cameron McEvoy PLLC
11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| VERISIGN, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-01028-LO IDDVAED |
| | ) |
| CENTRALNIC LIMITED, *et al.* | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME AND IN OPPOSITION TO MOTION TO STRIKE**

Defendants CentralNic Limited ("CentralNic"), XYZ.com LLC ("XYZ") and Daniel Negari ("Negari) (collectively "Defendants") by counsel, hereby file this memorandum of law in support of their Motion for Extension of Time to oppose Plaintiff Verisign, Inc.'s ("Plaintiff") Motion to Remand as well as in opposition to Plaintiff's Motion to Strike as follows:

## I. INTRODUCTION AND FACTUAL BACKGROUND

On August 13, 2015, Defendants timely filed a Notice of Removal from Virginia state court based on complete diversity between the parties. On September 10, 2015, Plaintiff then filed a Motion to Remand ("Motion") arguing that Defendants had imperfectly stated their allegations concerning the Court's diversity jurisdiction in the Notice of Removal. Pursuant to Federal Rule of Civil Procedure 6(d) and the Local Civil Rule 7 of this Court, Defendants' Opposition to Plaintiff's Motion was due fourteen days later, on or before Thursday, September 24, 2015. Defendants' undersigned local counsel, Joanna L. Faust, mistakenly calculated the deadline for Defendants' Opposition as falling on September 28, 2015. Defendants filed their Opposition on September 28, 2015 based on their counsel's belief that the Opposition was due on that day. Plaintiff has now filed its Reply brief. Accordingly, the parties have fully briefed

the merits of Defendants' Motion to Remand, which is scheduled to be argued several weeks from now.

At the time that the undersigned miscalculated the deadline for the filing of Defendants' Opposition, she was handling several cases in the United States District Court for the District of Maryland. The Local Rules of that court state that memoranda in opposition to motions are due within 14 days of filing (with an additional three days added for electronic service). The undersigned mistakenly used the Local Rules applicable to her cases in the U.S. District Court for the District of Maryland when calculating the deadline for the Opposition to Plaintiff's Motion in this case. The undersigned has handled a number of cases in this Court and is familiar with the Court's Local Rules. In the present instance, the undersigned simply confused the rules applicable in one of her active matters before another federal district court with the rules applicable in this matter. As a result of this good faith mistake, the undersigned calendared the deadline for Defendants' Opposition on September 28, 2015, two business days after the actual deadline of September 24, 2015.

Plaintiff has now filed a Motion to Strike Defendants' Opposition, based on this minor delay. Before filing its Motion to Strike, Plaintiff made no effort to confer with Defendants as is required by Local Rule 7(E). By contrast, Defendants' undersigned counsel has contacted Plaintiff's counsel in an effort to obtain Plaintiff's consent to the extension requested herein. Plaintiff's counsel has not responded to the request for the extension, despite the fact that Defendants had previously extended the courtesy of a far more substantial extension of time to Plaintiff with respect to its response to Defendants' Motions to Dismiss.

There will be no prejudice to either of the parties if this Motion for Extension is granted and Defendants' Opposition is accepted as timely filed under Fed. R. Civ. P. 6(b)(1)(B).

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

Plaintiff has already filed its Reply brief in which it has substantively responded to Defendants' Opposition. Plaintiff's Motion to Remand is now fully briefed and is not scheduled to be argued until November 13, 2015. In fact, Plaintiff does not even argue that it will be prejudiced if the Court accepts Defendants' Opposition as timely filed. Furthermore, the balance of the equities clearly favors granting Defendants' Motion for Extension (and denying Plaintiff's Motion to Strike), given that Defendants have always acted in good faith and the delay was both minimal and excusable. Finally, and most importantly, this Court favors deciding issues on the merits. In this case, because the issue addressed in the Motion to Remand has been fully briefed, it would be unfair to all involved to decline to decide the issue on the merits based on a minor delay that was the result of an honest mistake. Accordingly, Defendants' Motion for Extension should be granted and Plaintiff's Motion to Strike should be denied.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 6(b)(1)(B), this Court may extend the time for Defendants to file their Opposition even after the deadline for that filing has expired. In making that decision, the Court should "consider 'the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Palaxar Group, LLC, et al. v. Shane Williams, et al.*, 2014 WL 1089738 (E.D. Va. March 19, 2014) (citing *Tobey v. Keiter, Stephens, Hurst, Gary & Shreaves,* No. 3:13–CV–315, 2014 WL 61325 (E.D. Va. January 7, 2014)).

As also noted by this Court, the "United States Supreme Court has characterized 'excusable neglect' as an equitable determination." *Pinpoint IT Servs., LLC v. Atlas IT Expert Corp.*, 2012 WL 1354085 (E.D. Va. Apr. 18, 2012) (citing *Pioneer Ins. Servs. Co.*, 507 U.S. 380,

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

395 (1980)). Crucially, this Court has held that the "test" to be applied when permitting a late filing is whether the filing "will aid in the presentation of the merits of the action and whether prejudice will accrue to the propounding party." *Stewart v. Virginia Comm. Univ.*, 2011 WL 1827735 (E.D.Va May 12, 2011). In fact, courts "have generally recognized that 'excusable neglect' may extend to inadvertent delays." *Stewart,* 2011 WL 1827735 at * 2 (citing *Pioneer Ins. Servs. Co.*, 507 U.S. at 391. Finally, courts have considered an "inadvertent miscalculation" of a response date as a valid reason to exercise discretion to allow a minimally late filing to be deemed timely pursuant to "excusable neglect." *Fid. Fed. Sav. & Loan Ass'n v. Felicetti*, 148 F.R.D. 532, 533 (E.D. Pa. 1993).

**III. ARGUMENT**

Here, there is no question that the balance of the equities favors granting Defendants' Motion for Extension and denying Plaintiff's Motion to Strike. First, there is no danger of any prejudice to Plaintiff. Plaintiff had the full six days under the Local Rule to file its Reply in support of the Motion to Remand, and, in fact, Plaintiff has already filed its Reply. Plaintiff's Motion to Remand will not be heard by this Court until November 13, 2015. Moreover, no trial date has been set in this case. In addition, Defendants have filed concurrently herewith a Motion to Amend their Notice of Removal, which, if granted by the Court, will render Plaintiff's Motion to Remand (and any opposition thereto) moot in any event.

Furthermore, at all times, Defendants' counsel has acted in good faith. The reason for the inadvertent mistake was a simple miscalculation on the part of Defendants' local counsel using the deadlines prescribed by another Federal Court in which she currently has a number of active cases. As soon as Defendants' counsel became aware of the inadvertent error, she immediately contacted Plaintiff's counsel and requested a two-day extension. Plaintiff's counsel has not

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

responded to that request, despite the fact that Defendants' counsel had previously agreed to extend the deadline for Plaintiff's response to their Motion to Dismiss by three weeks. Defendants' counsel then immediately prepared and filed the foregoing Motion for Extension to request that the previously-filed Opposition be deemed timely filed. The length of the delay in Defendants' filing of their Opposition was also minimal – only two business days.

The present case is readily distinguishable from the cases cited by Plaintiff. In several of the cases cited by Plaintiff in support of its motion to strike, the parties who filed their papers out of time had previously sought or obtained extensions for their filings and had missed those extended deadlines. *Hughes-Smith v. Crown Linen Svc., Inc.*, No. 1:13-cv-1048, 2014 WL 793530, at **1-2 (E.D. Va. Feb. 26, 2014) (party failed to file opposition brief within the time periods it had proposed in two prior requests for extension); *Thorpe v. Mechanicsville Concrete, LLC*, No. 3:10-cv-797, 2012 WL 1028592, at **1-2 (E.D. Va. Mar. 26, 2012) (noting that party had failed to file opposition to summary judgment motion "after numerous extensions and delays in filing a response"); *Key v. Robertson*, 626 F. Supp. 2d 566, 574-76 (E.D. Va. 2009) (opposition brief greatly exceeded page limits established by local rules and was filed after plaintiff had missed both the original filing deadline and the deadline that plaintiff had proposed in a belated request for extension). Furthermore, in *Hughes-Smith* the Court noted that there was evidence that the party who had missed the deadlines for its filing had intentionally delayed. *Hughes-Smith*, 1:13-cv-1048, 2014 WL 793530, at *3. By contrast, Defendants have not missed multiple deadlines in this case. They missed a single deadline as a result of an honest mistake. *M. Shanken Commc'ns, Inc. v. Variant Events, LLC* is also distinguishable, because the party that failed to timely file its opposition brief in that case never sought leave to file out of time and never made any showing of excusable neglect. *M. Shanken Commc'ns, Inc. v. Variant Events,*

*LLC*, 3:10-cv-804, 2011 WL 2078007, at *7 (E.D. Va. May 25, 2011). Moreover, in *Lufti v. United States*, Judge Trenga denied the defendant's motion to strike the untimely filed opposition brief at issue in that case. *Lufti v. United States*, No. 1:09-cv-1114, 2011 WL 1226030, at *4 (E.D. Va. Mar. 28, 2011).

Finally, accepting Defendants' Opposition as timely filed under Fed. R. Civ. P. 6(b)(1)(B) will only aid in the presentation of the merits of the action. Given that the merits of the Motion to Remand have been fully briefed by the parties and the fact that oral argument on that motion is scheduled several weeks from now, it would be unfair and inefficient to decide the action on a procedural technicality rather than on the merits. Moreover, as noted above, Defendants have moved for leave to amend their Notice of Removal. If that motion is granted, both Plaintiff's Motion to Remand and its Motion to Strike will be moot.

## IV. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Extension and deny Plaintiff's Motion to Strike, deem Defendants' previously-filed Opposition to Plaintiff's Motion to Remand to have been timely filed, and award such other relief that the Court may find appropriate.

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

Respectfully submitted,

/s/
Joanna L. Faust
VSB No. 72930
Edward W. Cameron
VSB No. 29448
Matthew H. Sorensen
VSB No. 65970
CAMERON MCEVOY, PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
(703) 460-9349 (Direct)
(703) 273-8898 (Main)
(703) 273-8897 (Facsimile)
ecameron@cameronmcevoy.com
msorensen@cameronmcevoy.com
jfaust@cameronmcevoy.com
*Counsel for Defendants CentralNic Limited, XYZ.COM LLC and Daniel Negari*

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897

Cameron McEvoy PLLC

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 6, 2015, I filed the foregoing using the Court's CM/ECF system, which sent a true and accurate copy to:

Timothy B. Hyland, Esquire
Elizabeth A. Dwyer, Esquire
Hyland Law PLLC
1818 Library Street, Suite 500
Reston, Virginia 20190
*Counsel for Plaintiff*

/s/
Joanna L. Faust
VSB No. 72930
CAMERON MCEVOY, PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
(703) 460-9349 (Direct)
(703) 273-8898 (Main)
(703) 273-8897 (Facsimile)
jfaust@cameronmcevoy.com
*Counsel for Defendants CentralNic Limited, XYZ.COM LLC and Daniel Negari*