IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| VERISIGN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:15-cv-1028-LO-IDD |
| ) | |
| CENTRALNIC LIMITED, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
DEFENDANTS' OPPOSITION TO MOTION TO REMAND**

I. **There is no dispute that the defendants' opposition was untimely**.

The defendants, CentralNic Limited ("CentralNic"), XYZ.com, LLC ("XYZ") and Daniel Negari ("Negari"), concede, as they must, that their opposition to the Motion to Remand was not timely, and that they did not request an extension of time before their opposition was due.

II. **The defendants have not made the required showing of excusable neglect to excuse their untimely filing**.

The sole reason proffered by CentralNic, XYZ and Negari for why they did not comply with the deadline for filing their opposition, as set forth in Local Rule 7, is that their counsel used deadlines set forth in the Local Rules of the United States District Court for the District of Maryland.

Of course, the Court may allow for late filings if a "party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). CentralNic, XYZ and Negari, however,

contend only that their counsel applied an incorrect understanding of the applicable rules – or, perhaps more properly stated, a correct understanding of the wrong rules. As the Supreme Court has held that while "excusable neglect under Rule 6(b) is an elastic concept," "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect". *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380, 392 (1993) (internal quotes omitted).[1] Merely demonstrating excusable neglect is not enough; "even upon a showing of 'excusable neglect,' whether to grant an enlargement of time still remains committed to the discretion of the district court." *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 532 n.2 (4th Cir. 1996). Excusable neglect is "not easily demonstrated" and applicable "only in the 'extraordinary cases where injustice would otherwise result.'" *Symbionics Inc. v. Ortlieb*, 432 Fed. Appx. 216, 220 (4th Cir. 2011) (quoting *Thompson*, 76 F.3d at 534).

Of the factors to be considered by the court in determining whether there was "excusable neglect," the third – the reason for the delay, including whether it was within the reasonable control of the movant – is the most important, because the first two factors will almost always favor the late-filing party, and the last factor is rarely

---

[1] In *Pioneer*, the Supreme Court held that the following four factors are to be considered in analyzing whether there was "excusable neglect": "[1] danger of prejudice to the [opposing party], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." 507 U.S. at 385.

material. *See Symbionics*, 432 Fed. Appx. at 219; *Thompson*, 76 F.3d at 534. In *Symbionics*, the Fourth Circuit held that a district court abused its discretion by finding excusable neglect where counsel entered the due date for a filing on the wrong date on his electronic calendar. This was so even though the Court agreed with the trial court that the non-moving party was not prejudiced, the length of delay was minimal (one day late), and there was no bad faith. The Fourth Circuit noted that there is "nothing extraordinary or unusual about a calendaring error;" "this neglect is precisely the sort of 'run-of-the-mill inattentiveness of counsel' that we have consistently declined to excuse in the past." *Id.* at 220, citing *Thompson*, 76 F.3d at 535. This is dispositive of Verisign's Motion to Strike.

CentralNic, XYZ and Negari seek to distinguish some of the cases cited by Verisign in its opening brief by noting that in some of them, the late-filing party had missed other deadlines and sought other extensions. Here, the reason for the motion to remand to which the defendants did not timely respond was that CentralNic, XYZ and Negari neglected to timely file a Notice of Removal that complied with the requirements of law. They now also are seeking leave to amend their Notice of Removal. CentralNic, XYZ and Negari therefore have ignored or missed multiple deadlines.

Further, the defendants make no attempt to discuss or distinguish *Key v. Robertson*, 626 F. Supp. 2d 566, 577 (E.D. Va. 2009) or *Rossman v. Lazarus*, 2008 WL 4550579, at *2 (E.D. Va. Oct. 7, 2008). CentralNic, XYZ and Negari also ignore *Eagle*

*Fire, Inc. v. Eagle Integrated Controls, Inc.*, 2006 WL 1720681, at *4 (E.D. Va. June 20, 2006). In *Eagle Fire*, this Court explained:

> Excusable neglect comprises both a demonstration of good faith by the moving party and a reasonable basis for noncompliance with the specified time period." 1 Moore's Federal Practice § 6.06(3)(b). As noted by the Supreme Court in *Pioneer,* in most cases, "[i]gnorance of when a time period expires does not qualify as excusable neglect, nor does a busy schedule, lack of diligence, inadvertence, or other manifestations of carelessness and laxity. In most instances, mistaken reliance on provisions of the Rules or unfamiliarity with the Rules will not rise to the level of excusable neglect." *Id.* § 6.06(3)(c).

*Id*. CentralNic, XYZ and Negari's explanation for the lateness of their opposition is precisely what *Eagle Fire* describes as "not ris[ing] to the level of excusable neglect." *Id*.

The Fourth Circuit has made it clear that mis-calendaring deadlines is not "excusable neglect." This Court has made it clear, in both decisional law and in its Local Rules, that deadlines are enforced. *See, e.g.*, Local Rule 7(I) ("Any requests for an extension of time relating to motions must be in writing and, in general, will be looked on with disfavor"). There is no excusable neglect here.

III. CONCLUSION

CentralNic, XYZ and Negari's Opposition to Verisign's Motion to Remand should be stricken and disregarded.

-4-

    /s/ Timothy B. Hyland
Timothy B. Hyland
Virginia Bar No. 31163
Counsel for VeriSign, Inc.
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA 20190
Tel.: (703) 956-3566
Fax: (703) 935-0349
Email: thyland@hylandpllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of October, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Edward W. Cameron, Esquire
>Joanna L. Faust, Esquire
>Matthew H. Sorenson, Esquire
>CAMERON/MCEVOY, PLLC
>4100 Monument Corner Drive, Suite 420
>Fairfax, VA  22030

>_/s/  Timothy B. Hyland_____
>Timothy B. Hyland
>Virginia Bar No. 31163
>Counsel for VeriSign, Inc.
>HYLAND LAW PLLC
>1818 Library Street, Suite 500
>Reston, VA  20190
>Tel.:   (703) 956-3566
>Fax:   (703) 935-0349
>Email:  thyland@hylandpllc.com